IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL L. SANDLIN                                                                    PLAINTIFF

vs.                                    Civil No. 2:07-cv-02081

MICHAEL J. ASTRUE                                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Michael L. Sandlin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an application for SSI on May 11, 2004. (Tr. 63). In this application and in other documents filed with the SSA, Plaintiff alleged he was disabled due to pain in his spine, hip, and genitals. (Tr. 68). Plaintiff alleged an onset date of August 1, 1999. (Tr. 63). This application was initially denied on September 7, 2004 and was denied again on reconsideration on February 17,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

2005. (Tr. 31-35, 38-40).

On February 25, 2005, Plaintiff requested an administrative hearing on his application. (Tr. 41). The hearing was held on February 14, 2006 in Fort Smith, Arkansas. (Tr. 130-163). Plaintiff was present and was represented by counsel, Ashley Hunt, at this hearing. *See id.* Plaintiff and witness Sharon Loomis testified at this hearing. *See id.* A supplemental hearing was held on October 31, 2006 in Fort Smith, Arkansas. (Tr. 164-176). Plaintiff was present and was represented by counsel, Ashley Hunt, at this supplemental hearing. *See id.* Plaintiff and Vocational Expert ("VE") Montie Lumpkin, testified at this supplemental hearing. *See id.*

On February 20, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI. (Tr. 12-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 11, 2004. (Tr. 14, Finding 1). The ALJ determined Plaintiff had the severe impairments of mild scoliosis of his lumbar spine, depressive disorder, alcohol dependence/abuse, polysubstance abuse, and personality disorder with antisocial and dependant features, but that he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-16, Findings 2-3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 16-17, Finding 4). The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 16-20). After reviewing these requirements, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other symptoms based upon several findings, including the following: (1) no physician had assessed Plaintiff with any limitations

2

due to physical impairment; (2) imaging studies of Plaintiff's spine have shown nothing more than mild scoliosis; (3) lack of ongoing medical care is inconsistent with allegations of severe and disabling symptoms; (4) no use of prescribed pain medicine; (5) active lifestyle including caring for wheelchair bound father, preparing meals, doing laundry and other household chores; (6) sporadic work history. (Tr. 16-20).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical evidence and the hearing testimony and determined Plaintiff's RFC. (Tr.16, Finding 4). Specifically, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk up to six hours in an eight-hour workday, and sit up to six hours in an eight-hour workday. In addition, the undersigned finds that the claimant is further limited and would have difficulty with detailed instructions but would not have any limitation understanding, remembering and carrying out simple instructions. Further, the undersigned finds that the claimant would have a limited but satisfactory ability to make judgments on simple work-related decisions, deal appropriately with the public, supervisors and coworkers, deal with work pressures and deal with routine changes in a usual work setting.

(Tr. 16, Finding 4). *See* 20 C.F.R. § 416.967.

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW"). (Tr. 21, Finding 5). The VE testified that a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 173-176). Specifically, the VE testified such a hypothetical person could perform work as a light unskilled assembler (7,487 such jobs in the State of Arkansas and 417,558 in the nation); a machine tender (3,497 such jobs in the State of Arkansas and 321,000 in the nation); and a poultry worker (1,880 such jobs in the State of Arkansas and 77,703 in the nation). The ALJ then determined Plaintiff was not under a "disability," as defined by the Act, at any time from May 11, 2004 through the date of his decision. (Tr. 22,

Finding 10).

On March 6, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.984(b)(2). The Appeals Council declined to review this determination. (Tr. 2-4). On August 6, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 13, 2007. (Tr. 4). Both parties have filed appeal briefs, and this case is ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

4

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred by discrediting Plaintiff's subjective complaints of pain; (B) the ALJ erred by finding Plaintiff had the RFC for medium work; (C) the ALJ erred in disregarding the opinions and findings of the primary treating

5

physicians; and (D) the ALJ failed to fully and fairly develop the record. In response, Defendant argues: (A) the ALJ properly analyzed Plaintiff's subjective complaints and discounted them for legally-sufficient reasons; (B) the ALJ properly assessed Plaintiff's RFC; (C) the ALJ properly weighed the medical opinions; and (D) the ALJ fully and fairly developed the record.

**A. Credibility Determination**

Plaintiff claims the ALJ erred by failing to give consideration to all of Plaintiff's subjective complaints of pain. In response, Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. These factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ evaluated the *Polaski* factors in his opinion and discounted Plaintiff's subjective complaints for legally-sufficient reasons. (Tr. 17-20). Specifically, the ALJ evaluated the nature, location, onset, duration, frequency, radiation, and intensity of Plaintiff's pain; the precipitating and aggravating factors for his pain; the type, dosage, effectiveness and any alleged adverse side effects of his pain medication; his treatment for pain other than medication; his functional restrictions; and his restrictions on daily living. (Tr. 17-20).

After reviewing those factors, the ALJ noted the following inconsistencies in the record: (1) no physician had assessed Plaintiff with any limitations due to physical impairment; (2) imaging studies of Plaintiff's spine have shown nothing more than mild scoliosis and an exam of Plaintiff on July 14, 2004 showed Plaintiff had full range of motion in his spine; (3) lack of ongoing medical care is inconsistent with allegations of severe and disabling symptoms; (4) lack of use of prescribed pain

medicine is inconsistent with allegations of severe and disabling pain; (5) although Plaintiff claimed an inability to purchase medications, Plaintiff continued to smoke cigarettes, drink alcohol, and use illegal drugs, including cocaine, marijuana, and methamphetamine (including "ice"); (6) Plaintiff had an active lifestyle including caring for his wheelchair bound father, preparing meals, doing laundry and other household chores. Plaintiff also could care for himself, do his own shopping and yard work; (7) Plaintiff's sporadic work history prior to his disability causes questions if his current unemployment is due to a medical impairment. (Tr. 17-20). These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72.

### B. RFC and Medical Opinions

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. In response, Defendant argues that the ALJ properly evaluated Plaintiff's RFC and the VE's testimony provided substantial evidence to support the ALJ's decision.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC.

*See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports his or her RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In the present action, there are limited medical records related to Plaintiff's physical impairments, dated after his alleged onset date, that are included in the transcript. On July 14, 2004, Plaintiff underwent a General Physical Exam. (Tr. 92- 98). This exam showed a completely normal orthopedic and neurological exam, with normal ranges of motion in Plaintiff's neck, back and extremities. (Tr. 95). On August 4, 2004, Plaintiff left hip x-ray was normal and his lumbar x-ray showed no evidence of acute fracture or dislocation. (Tr. 100). On September 16, 2004, Plaintiff was seen at the Good Samaritan Clinic with complaints of back pain for two weeks. Plaintiff injured his back moving a sofa. Plaintiff indicated his back pain was gradually improving. His physical exam showed no leg or radicular pain. (Tr. 121).

On July 18, 2006, Dr. Robert Spray performed a Psychological Evaluation of Plaintiff. (Tr. 122-126). This exam showed Plaintiff was oriented to time, place, and person. (Tr. 123). Plaintiff also completed a clinical interview and a series of psychological tests, including the Minnesota Multiphasic Personality Inventory-Second Edition (MMPI-2). Dr. Spray indicated Plaintiff gave a grossly exaggerated, invalid profile on his MMPI-2. (Tr. 124). Dr. Spray indicated Plaintiff's "Verbal IQ was in the upper borderline to low average range. The Full Scale IQ is in the borderline

range." (Tr. 125). Dr. Spray also found Plaintiff's reading skills were on a high school level, his spelling skills were on a post high school level and his math skills were on a fifth grade level. (Tr. 125). Plaintiff informed Dr. Spray that he typically drank four to five beers a night. He also indicated he had used cocaine, methamphetamine, "crank", and marijuana. He informed Dr. Spray he had used the drug "ice" one week prior to this exam. (Tr. 123). Dr. Spray did diagnosis Plaintiff with personality disorder with antisocial and dependant features, along with alcohol dependance and polysubstance abuse. (Tr. 124).

After reviewing the record, this Court finds that the ALJ's RFC determination is supported by substantial evidence.

### C. Duty to Fully Develop the Record

Lastly, Plaintiff argues the ALJ failed to properly develop the record. The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See*

*Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ should have ordered an MRI examination of his lumbar spine. Following Plaintiff's lumbar x-ray of August 4, 2004, Dr. Zubin Balsara indicated if Plaintiff's symptoms warrant, correlation with an MRI scan of the lumbar spine would be recommended. In the month following this x-ray, Plaintiff was seen at the Good Samaritan Clinic with complaints of back pain for two weeks. Plaintiff injured his back moving a sofa. Plaintiff indicated his back pain was gradually improving. His physical exam showed no leg or radicular pain. (Tr. 121). The record does not indicate Plaintiff's symptoms warranted an MRI, nor is there evidence in the record of a physician suggesting or ordering an MRI of Plaintiff's lumbar spine. Further, Plaintiff has not sought additional medical treatment for complaints of back pain.

Plaintiff has failed to demonstrate either that the record was not fully developed, or prejudice if the record was not in fact fully and fairly developed. I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **25th day of August, 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE